UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOR IAN GENSINGER,

        Plaintiff,

v.                                                    Case No. 3:21-cv-925-BJD-MCR

TIMOTHY FLEMING and
MARK INCH,

        Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a state inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint. Doc. 1. He names two Defendants: Timothy Fleming, Warehouse Manager; and Mark Inch, Secretary of Florida Department of Corrections (FDOC). Id. at 2-3. In the Compliant, Plaintiff asserts that in October 2019, while housed at Hamilton Correctional Institution, he was assigned to work as the canteen operator. He contends that during that month, Sergeant Jackson approached him and asked for the key to the canteen store. Id. The next day, a captain and a sergeant escorted Plaintiff to the canteen store and accused him of stealing all the canteen items from the store. Id. Defendant Fleming then verified that the canteen store "had been emptied out, took the key[,] and had security place [Plaintiff] in confinement."

Id. Fleming then issued a disciplinary report (DR) alleging that Plaintiff was responsible for the canteen shortage. Id. According to Plaintiff, the DR contained false allegations and the wrong incident date. Id.

In anticipation of his DR hearing, Plaintiff alleges that he listed Jackson "as a witness for taking the key (as she was not authorized)," and he requested the camera footage as evidence because the footage would show Jackson taking the key without authorization. Id. However, officials advised Plaintiff that the camera "wasn't working." Id. at 6. Following the hearing, officials found Plaintiff guilty of the DR and sentenced him to thirty days of disciplinary confinement and ordered him to pay $12,374.85 in restitution. Id. Plaintiff appealed to the compound investigator explaining that Jackson had taken the canteen key just before officials discovered the items had been stolen. After an investigation, during which officials reviewed the camera footage and interviewed Jackson, officials determined that Jackson was responsible for the canteen shortage after she took Plaintiff's key without permission. Jackson was then suspended for her actions. Id.

Plaintiff contends that Defendants violated his due process rights under the Fourteenth Amendment when they issued the false DR. Id. at 7. As relief, he requests that the Court overturn and remove the DR from his file and remove all sanctions imposed because of this false DR. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty

3

of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Plaintiff alleges that Fleming violated his due process rights under the Fourteenth Amendment when he issued a false DR. However, Plaintiff's allegations, accepted as true, fail to demonstrate that the DR resulted in a denial of due process under the Fourteenth Amendment. Courts "examine procedural due process questions in two steps; the first asks whether there exists a liberty or property interest that has been interfered with by the state[;] the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); see also Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Supreme Court has held the imposition of disciplinary confinement does not trigger due process protections. Sandin v. Conner, 515 U.S. 472, 486 (1995)

4

("[D]iscipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."). See also Woodson v. Whitehead, 673 F. App'x 931, 933 (11th Cir. 2016) ("The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated."). Thus, even if Plaintiff spent more time in disciplinary confinement than he should have, he does not allege a protected liberty interest to which due process protections attach.

Notably, Plaintiff does not allege the disciplinary charges affected the duration of his sentence. For instance, he does not allege a loss of good time credits. See generally Doc. 1. And Plaintiff asserts no facts suggesting he faced conditions so severe that they imposed on him a significant hardship in comparison to the ordinary incidents of prison life. See Sandin, 515 U.S. at 484. Thus, Plaintiff's allegations, accepted as true, fail to show a denial of due process under the Fourteenth Amendment, and his due process claim is due to be dismissed. See Smith v. Deemer, 641 F. App'x 865, 867, 868 (11th Cir. 2016) (holding that the district court properly dismissed plaintiff's due process claim because the disciplinary hearing did not result in a loss of good time credits and plaintiff did not allege his term of disciplinary confinement exposed him to atypical and significant hardship even though the conditions in disciplinary

confinement were more restrictive and less comfortable than those in general confinement).

Further, if Plaintiff attempts to hold Defendant Inch liable under § 1983 based on supervisory liability, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Plaintiff does not allege that Inch personally participated in any unconstitutional conduct, the viability of his supervisory claim depends on whether he plausibly alleges a causal connection between Inch's actions and the alleged constitutional deprivation.

Plaintiff may establish the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the

6

subordinate would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Plaintiff does not allege facts suggesting a causal connection between any action or inaction attributable to Inch and Plaintiff's alleged injury. Nor does he allege that Inch knew of a need to train his subordinates and failed to do so. As such, Plaintiff has failed to state a claim against Defendant Inch. Thus, the Complaint is due to be dismissed.

In light of the foregoing, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of October, 2021.

 
 BRIAN J. DAVIS
 United States District Judge

Jax-7

C: Thor Ian Gensinger, 165522

7